**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Joseph Donald ACKERMAN,**
**Defendant—Appellant.**

**No. 07–30469.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 28, 2008.

Filed Sept. 16, 2008.

---

Kurt G. Alme, Esquire, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Daniel Donovan, Esquire, Thompson and Jacobsen, P.C., Scott Albers, Esquire, Great Falls, MT, for Defendant–Appellant.

Before: T.G. NELSON, HAWKINS and BYBEE, Circuit Judges.

## MEMORANDUM [*]

Joseph Donald Ackerman ("Ackerman") appeals the denial of his motion to suppress evidence, having reserved the right to appeal therefrom in his guilty plea to Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We affirm.

Montana Patrol Officer Lafe Keith ("Officer Keith") observed Ackerman traveling eastbound on Interstate 90 toward Missoula, Montana in a rented Hummer H3, driving 83 miles per hour in a 75 mile-per-hour zone. After pulling Ackerman over and issuing him a warning for speeding in a concedely legal traffic stop, and after instructing Ackerman that he was free to go, Officer Keith asked if Ackerman "would mind if I asked you a few questions." Ackerman indicated that he did not mind and, at Officer Keith's re-

quest, stepped out of the vehicle to speak with the officer.

No feature of this initial post-traffic-stop encounter implicated the Fourth Amendment. The Supreme Court has made clear that officers "may generally ask questions of . . . individuals" without implicating the Fourth Amendment "as long as the police do not convey a message that compliance with their requests is *required*." *Florida v. Bostick*, 501 U.S. 429, 435, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (emphasis added). Here, Officer Keith politely asked Ackerman if he would mind answering a few questions. Nothing Officer Keith did or said in this initial exchange following the conclusion of the traffic stop indicated that Ackerman was *required* to comply with the officer's requests.

Nevertheless, we conclude that when Officer Keith instructed Ackerman to "stay here" and additional armed officers surrounded Ackerman, a reasonable person in Ackerman's position would have believed that he was not free to leave. At that time, however, Officer Keith had articulable suspicion of criminal activity sufficient to render the detention reasonable. *See United States v. Summers*, 268 F.3d 683, 686 (9th Cir.2001) (investigative detention "must be supported by reasonable suspicion based upon articulable facts that criminal activity is afoot" (citing *United States v. Kerr*, 817 F.2d 1384, 1386 (9th Cir.1987))).

Although the government failed to argue the officers had articulable suspicion to support the detention, we can affirm the district court on any basis evident in the record. *United States v. Lopez*, 482 F.3d 1067, 1076 (9th Cir.2007). At the time that Officer Keith instructed Ackerman not to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

move and the additional officers surrounded him, the police knew that (1) Ackerman had displayed unusually nervous behavior and refrained from making eye contact with Officer Keith during the initial traffic stop; (2) there was a "large wad" of currency sitting partially exposed on the center console; (3) Ackerman continued to appear nervous during subsequent questioning and repeated the officer's questions in an apparent effort to stall and fabricate a story; and (4) perhaps most significantly, an attempt-to-locate notice issued that day indicated that a man named "Ackerman" from "Vaughn" would be transporting a large quantity of methamphetamine from Spokane, Washington to Great Falls, Montana.

These facts, taken together, were sufficient to permit the officers reasonably to suspect that criminal activity was afoot. The detention was therefore not unconstitutional, and the subsequently discovered evidence was admissible against Ackerman.

**AFFIRMED.**